United States Courts
Southern District of Texas
FILED

NOV 0 2 2015



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

Dyke Robinson

Plaintiff

V.

WALT DISNEY COMPANY, DISNEY CONSUMER PRODUCTS, INC., A CALIFORNIA Corporation§

Defendants

JURY TRIAL DEMANDED

H-15-3216

**COMPLAINT FOR VIOLATION OF FEDERAL COPYRIGHT LAWS, INCLUDING: COPYRIGHT INFRINGEMENT, CONTRIBUTORY COPYRIGHT INFRINGEMENT, ETC.**

COMES NOW, PLAINTIFF, Dyke Robinson ("Plaintiff"), and complains of and alleges the following and hereby prays for relief to this honorable Court for relief based on the following allegations:

### INTRODUCTORY AND OVERVIEW

This action relates to Defendant's actions in infringing Federally Registered Copyright on Plaintiff's copyrighted work (a manuscript and book) titled "Digiland" in producing and distributing a movie containing a substantial number of unique images contained in Plaintiff's manuscript.

### JURISDICTION AND VENUE

This is an action for copyright infringement arising under the copyright laws of the United States, namely, under Public Act of October 19, 1976, as amended and codified in 17 U.S.C. § 101 et seq., and 17 U.S.C. § 1201 et seq. Plaintiff seeks injunctive relief, actual damages including Defendant's profits and monetary damages (may elect statutory damages), interests, cost and attorney's fees under the copyright laws of the United States.

## CAUSE OF ACTION: FEDERAL COPYRIGHT INFRINGEMENT

**COUNT I**

Plaintiff incorporates by reference all preceding paragraphs.

Upon information and belief, Defendant s incorporated, reproduced, adapted, distributed in its "Wreck It Ralph" images from Plaintiff's copyrighted "Digiland" manuscript.

### ACCESS

On Information and Belief, Defendants has access to the Digiland manuscript. Plaintiff submitted the manuscript to Defendant for review in March 2012. The materials submitted to Defendant included the Digiland Pitch Bible. Copyright registrations for the Plaintiff's Pitch Bible are attached.

Defendant responded to the Plaintiff's submission and conveyed that Disney was not interested in making a movie in the nature of the Digiland manuscript. (See Disney's letter).

Thus, Plaintiff alleges that Defendants' access to the copyrighted work has been established, and respectfully requests that this Court make a finding that Defendants had access to the Plaintiff's Copyrighted Digiland /Digiland Adventures manuscript.

### COPYING; STRIKING SIMILARITY; SUBSTANTIAL SIMILARITY

Moreover, Plaintiffs allege that Defendant is engaged in actual copying of Plaintiff's work, or, a alternatively that Defendants created derivative work(s) from Plaintiff's work, thus infringing Plaintiff's rights, including but not limited to Plaintiff's Registered Copyright.

Plaintiffs allege that actual copying (or, in the alternative, striking similarity, or, in the alternative, substantial similarity) between the Plaintiff's (earlier published) work having a Registered Copyright and the later published work(s) of Defendants, is discernible from the comparison of the copyrighted work and the accused work.

### COPYRIGHT INFRINGEMENT

On Information and Belief, Plaintiffs allege Defendants accessed copyrighted artwork and committed copyright infringement by incorporating unauthorized copies of it (with copies of the artwork in its "Wreck It Ralph" movie and/or by preparing derivative work(s) based on it.

**Count II**

This Court has subject matter jurisdiction over this action. It has original and exclusive jurisdiction of Plaintiff's Copyright Infringement claims herein pursuant to 17 U.S.C. § 501 et seq. and 28 U.S.C. §§ 1338, 1391(a), (b) and (c); of the subject matter and the parties under the copyright laws of the United States, 17 U.S.C. § 101 et seq., as well as jurisdictional provisions of 28 U.S.C. § 1338. It has This Court has subject matter jurisdiction over this action. It has original and exclusive jurisdiction of Plaintiff's Copyright Infringement claims herein pursuant to 17 U.S.C. § 501 et seq. and 28 U.S.C. §§ 1338, 1391(a), (b) and (c); of the subject matter and the parties under the copyright laws of the United States, 17 U.S.C. § 101 et seq., as well as jurisdictional provisions of 28 U.S.C. § 1338. It has supplemental jurisdiction over Plaintiff's State and common law claims (as may be propounded herein or in an amended complaint filed after further investigation and / or Discovery) under 28 U.S.C. § 1367(a) and the principles of supplemental jurisdiction.

## PARTIES

### PLAINTIFF

DIGIBOTS principal is Dyke Robinson, who is the creator of "DIGIBOTS Classroom Adventures" and is the owner of several U.S. Patents and Federally registered copyrights and trademarks for characters and the pitch bible - Digiland. He resides at 4538 Red Yucca Drive, Katy, Texas 77494

### DEFENDANT

The Walt Disney Company ("DISNEY") is a corporation with a place of business at 500 S Buena Vista St, Burbank, CA, 91521; DISNEY is doing business, inter alia, in the State of Washington, specifically in this District, by acts including making (or having made or authorizing to be made), offering and selling, and or/offering and allowing to be sold, its product(s) (including the accused product) via Internet sites accessible in the State of Texas.

## CAUSE OF ACTION: VIOLATION OF 17 U.S.C. § 1201

Upon information and belief, Defendants gained access to the Plaintiff's Registered Digiland manuscript, including the artwork contained therein, which contained copyright information, including an express copyright notice. The express copyright notice is considered "copyright management information" under US Copyright Law (see 17 U.S.C. § 1201 et seq

With respect to the Defendants' aforesaid further violation of Copyright Law, Plaintiffs seek the maximum statutory damages of $10,000,000.00, and attorneys' fees and costs, for each violation of 17 U.S.C. § 1202, et seq.
See 17 U.S.C. § 1203 (c)(3)(b)

Therefore, the Plaintiff respectfully demands that:

The Defendant account for and pay as damages to the plaintiff all profits and advantages gained from unfair trade practices and unfair competition in selling the Defendant's book, and all profits and advantages gained, directly or indirectly, from infringing the plaintiff's copyright, and from doing so as part of a larger marketing campaign of which the infringement was apart; Plaintiff expressly reserves the right to elect statutory damages, and, if possible and appropriate, as in some prior cases, to receive both actual and statutory damages.

The Defendant pay the plaintiff interest, costs, and reasonable attorney's fees, pursuant to 17 USC § 505, et seq., and 17 USC § 1203(b) et seq.; and

That the Court award such additional relief as it believes just.

DATED this 2nd day of November, 2015

By: *[signature: Dyke N Robinson]*
Dyke Robinson,
Digibots Creator

Ph #(832) 620-6093